J-S90027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONALD MORTON | |
| Appellant | No. 1336 EDA 2016 |

Appeal from the Judgment of Sentence Dated February 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014365-2013

BEFORE:  OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:                    **FILED JANUARY 06, 2017**

Appellant, Donald Morton, appeals from the judgment of sentence following a bench trial and convictions for robbery, theft by unlawful taking, and receiving stolen property.[1]  Appellant's counsel filed a petition to withdraw per **_Anders v. California_**, 386 U.S. 738 (1967).  We affirm and grant counsel's petition to withdraw.

We state the facts as set forth by the trial court:

> On October 13, 2013, at about 8:15 p.m., Phelishia Komrie, the complainant herein, was on the 5700 block of Germantown Avenue speaking on her cell phone when a male, who she identified as Appellant, came up behind her, grabbed her cell phone out of her hand, and fled.  Ms. Komrie contacted the police and when they arrived, they drove her around the area looking for the man who took her phone. Ms. Komrie saw Appellant on Baynton Street,

---

[1] 18 Pa.C.S. § 3701, § 3921, and § 3925, respectively.

which is located a couple of blocks from where the incident occurred and identified him based on his appearance and clothing as the male who had robbed her of her cell phone.

Philadelphia Police Officer Joseph Mason was one of the officers who responded to Ms. Komrie's call and then drove her around looking for the thief. Upon turning onto Baynton Street, Officer Mason observed Appellant speaking to two other males. When the two males pointed in the direction of the officer's vehicle, Appellant turned around, looked in the direction of the police car, and then ducked down before walking to Pierce Street. Officer Mason apprehended Appellant as he was walking away after Ms. Komrie identified him. When apprehended, Appellant appeared to be intoxicated and did not have Ms. Komrie's cell phone in his possession.

Trial Ct. Op., 6/2/16, at 2-3 (footnote and citations omitted).

At the conclusion of a bench trial on February 19, 2014, Appellant was found guilty of robbery, theft by unlawful taking, and theft by receiving stolen property. Appellant's counsel waived a pre-sentence investigation and mental health report. The court sentenced Appellant that day to an aggregate sentence of one-and-one-half to three years' imprisonment followed by three years' probation. At the sentencing hearing, Appellant did not challenge his sentence or the weight of the evidence. Appellant also did not file a post-sentence motion or notice of appeal.

Appellant filed a timely *pro se* Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, petition. Counsel was appointed, and he filed an amended PCRA petition alleging Appellant's trial counsel was ineffective by failing to file a

post-sentence motion and a notice of appeal.  Amended PCRA Pet., 9/7/15.[2]

The Commonwealth filed a brief requesting an evidentiary hearing to resolve

whether Appellant asked counsel to file a direct appeal.  Commonwealth's

Brief, 11/3/15, at 2.  In addition, the Commonwealth argued that Appellant's

request for leave to file a post-sentence motion *nunc pro tunc* should be

dismissed because Appellant failed to establish that his trial counsel was

ineffective and, specifically, that he suffered actual prejudice as a result of

his counsel's alleged ineffectiveness.  *Id.* at 2-3 (citing **Commonwealth v.**

**Reaves**, 923 A.2d 1119, 1129 (Pa. 2007), for its holding that a finding of

counsel's ineffectiveness requires proof of (1) arguable merit of the claim of

error; (2) lack of any reasonable basis for the action or inaction by counsel

that gives rise to the claim of ineffectiveness; and (3) actual prejudice

resulting from counsel's error).  Appellant's brief contends that a hearing

was held on April 8, 2016.[3]  That day, the PCRA court reinstated Appellant's

right to file a direct appeal *nunc pro tunc*, but denied his request to file a

post-sentence motion *nunc pro tunc*.  Order, 4/8/16.[4]

---

[2] The docket reflects that Appellant filed another amended PCRA petition on October 12, 2015, but this filing is not part of the certified record.

[3] The record does not include a transcript of this hearing.

[4] In **Commonwealth v. Liston**, 941 A.2d 1279 (Pa. Super. 2008) (**Liston I**), this Court, *en banc*, held that when a PCRA court reinstates a defendant's right to appeal *nunc pro tunc*, "it shall additionally grant the filing of post-sentence motions *nunc pro tunc*."  **Liston I**, 941 A.2d at 1280.  Our
*(Footnote Continued Next Page)*

Appellant filed a timely direct appeal *nunc pro tunc* and timely filed a court-ordered Pa.R.A.P. 1925(b) statement, in which counsel stated an intent to file an **Anders** brief and alleged that the court erred by not granting his motion to reconsider Appellant's sentence.[5]   Counsel filed a petition to withdraw and an **Anders** brief with this Court.   In the **Anders** brief, counsel raises two issues:

> Was the sentence imposed upon [Appellant] by the lower court manifestly excessive?

> Was [Appellant] denied effective assistance of counsel due to the fact that his trial counsel failed to preserve a claim that the verdict is against the weight of the evidence?

**Anders** Brief at 8.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."  **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

*(Footnote Continued)* _____

Supreme Court vacated that part of the **Liston** decision at 977 A.2d 1089 (Pa. 2009) ("**Liston II**").   The Supreme Court reasoned that under **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), all ineffective assistance of counsel claims should be deferred to collateral review, and **Liston I**'s grant of an automatic right to file a post-sentence motion *nunc pro tunc* improperly created an exception to the **Grant** holding.  **Liston II**, 977 A.2d at 1093.

[5]  As the trial court observed, counsel should have filed a Pa.R.A.P. 1925(c)(4) statement instead of a Rule 1925(b) statement.  Trial Ct. Op. at 2 n.2.  Further, as noted above, Appellant never filed a motion to reconsider his sentence.

This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in [**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)]. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, then "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" **Id.** at 882 n.7 (citation omitted).

Instantly, counsel's application for leave to withdraw and counsel's appellate brief comply with the technical requirements of **Anders** and **Santiago**. **See Orellana**, 86 A.3d at 879-80. The brief summarizes the facts and procedural history with cites to the record, identifies two issues, and concludes the appeal is frivolous with citation to relevant legal authority. **See id.** Counsel also served a copy of the brief and application to withdraw on Appellant, and the application advised Appellant of his right to retain new counsel or proceed *pro se* and to raise additional issues with this Court. **See id.** Because we conclude counsel has met the requirements of **Anders** and **Santiago**, we address the issues raised in the **Anders** brief.

**The Excessive Sentence Claim**

Appellant challenges the excessiveness of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Glass**, 50 A.3d 720, 726 (Pa. Super. 2012), **appeal denied**, 63 A.3d 774 (Pa. 2013). Instead, this Court has set forth an analytical framework under which we determine whether we may exercise our discretion to hear such an appeal:

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of

these four requirements, we will then proceed to decide
the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–1043 (Pa. Super. 2014)
(citation omitted), ***appeal denied***, 109 A.3d 678 (Pa. 2015). "Objections to
the discretionary aspects of a sentence are generally waived if they are not
raised at the sentencing hearing or in a motion to modify the sentence
imposed." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)
(citation omitted).

Instantly, the PCRA court reinstated Appellant's right to a direct appeal
*nunc pro tunc* from the trial court's judgment of sentence but denied him
permission to file a post-sentence motion *nunc pro tunc* with the trial court.
Appellant, however, did not appeal from the PCRA court's order and thus did
not challenge whether that court erred by denying him leave to file a post-
sentence motion *nunc pro tunc*. Appellant instead filed a direct appeal *nunc
pro tunc* from the trial court's judgment of sentence and a Rule 1925(b)
statement that inexplicably alleged the trial court erred by denying his non-
existent motion to reconsider sentence.

We now are faced with a claim that Appellant's sentence is excessive
in a case in which no post-sentence motion was ever filed and in which
Appellant has not appealed the PCRA court's denial of leave to file such a
motion. In this situation, we can grant no relief. A post-sentence motion is
a necessary prerequisite to preservation of a claim that a sentence is
excessive, and because no post-sentence motion was filed, Appellant could

not and did not preserve his sentencing challenge. Therefore, this issue is waived, and we may not review the merits. **See Moury**, 992 A.2d at 170; **see also** Pa.R.A.P. 302.[6]

### The Weight of the Evidence Claim

Appellant also challenges the weight of the evidence. We review such a claim to determine whether the trial court abused its discretion when it determined that the verdict was not contrary to the weight of the evidence. **Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013). A weight claim "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." **Commonwealth v. Hill**, ___ A.3d ___, 2016 WL 6123939, at *1 (Pa. Super., Oct. 20, 2016) (quoting Pa.R.Crim.P. 607(A)).

As discussed with respect to Appellant's excessive-sentence claim, Appellant could not and did not file a post-sentence motion raising and preserving his weight claim for appeal. **See generally Hill**, ___ A.3d at ___, 2016 WL 6123939, at *1. Appellant also failed to raise a weight claim

---

[6] Because the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*, Appellant retains the right to challenge his counsel's ineffectiveness in a PCRA petition, which would be considered his first. **Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003) (stating, "When a petitioner is granted a direct appeal nunc pro tunc in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes").

prior to or at his sentencing hearing, which occurred immediately after the court rendered its verdict. *See id.* Accordingly, as with Appellant's excessive-sentence claim, we cannot review the merits of this issue. For these reasons, we grant counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Ott joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2017

This decision was reached prior to the retirement of Judge Jenkins.