J-S64025-16

2016 PA Super 226

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARVIN HILL | |
| Appellant | No. 60 EDA 2016 |

Appeal from the PCRA Order Dated December 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005356-2011

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

OPINION BY SOLANO, J.:                    **FILED OCTOBER 20, 2016**

Appellant, Marvin Hill, appeals from the December 22, 2015 order denying his petition for reinstatement of direct appeal rights pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541-9546 (PCRA).  We affirm.

On January 28, 2013, following a non-jury trial, Appellant was convicted of third-degree murder,[1] carrying a firearm without a license,[2] carrying a firearm on public streets in Philadelphia,[3] and possessing an instrument of crime.[4]  On April 5, 2013, the trial court sentenced Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S. § 2502(c).

[2]  18 Pa.C.S. § 6106.

[3]  18 Pa.C.S. § 6108.

[4]  18 Pa.C.S. § 907.

to consecutive terms of imprisonment of 15-40 years for third-degree murder and 1½-3 years for carrying a firearm without a license. No further penalty was imposed for the remaining crimes.

Trial counsel, Gerald A. Stein, did not file any post-sentence motions on Appellant's behalf. On May 2, 2013, Attorney Stein filed a notice of appeal to this Court. He was subsequently permitted to withdraw, and J. Michael Farrell was appointed to represent Appellant.

On May 13, 2013, the trial court ordered Appellant to submit a Statement of Matters Complained of on Appeal pursuant to Appellate Rule 1925(b). On July 8, 2013, Attorney Farrell submitted a timely Rule 1925(b) statement in which he raised four claims, including a claim that the verdicts were contrary to the weight of the evidence.[5] In his appellate brief, however, Attorney Farrell pursued only the weight-of-the-evidence claim. *See Commonwealth v. Hill*, No. 1375 EDA 2013 (Pa. Super. Mar. 13, 2014) (unpublished memorandum; "*Hill I*"). This Court found the weight-of-the-evidence claim waived because it was not raised in the trial court in accordance with Criminal Rule 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for

---

[5] The other claims raised in the 1925(b) statement were: (1) the evidence was insufficient to support the verdicts; (2) a police detective's testimony was improper; and (3) the trial court erred in denying Appellant's motion to suppress his statement. *See* PCRA Court Opinion, 12/22/15, at 2.

a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"). *See Hill I* at 2. As a result, this Court dismissed the initial direct appeal. *See id.* at 4. This Court further noted that Appellant's weight-of-the-evidence claim, even if not waived, was meritless because the evidence against Appellant was overwhelming. *See id.* at 4 n.4.

On July 16, 2014, Appellant, *pro se*, filed a petition for post-conviction relief. Current counsel, John P. Cotter, was appointed and filed an amended petition on August 7, 2015. In the amended petition, Appellant sought *nunc pro tunc* reinstatement of his post-sentence motion and direct appeal rights, on the basis that "appellate defense counsel was ineffective because he allowed the defendant's appeal from the judgment of sentence to be dismissed." Amended PCRA petition, 8/7/15, at ¶ 4. Appellant did not allege that trial counsel was ineffective.

On November 30, 2015, the PCRA court issued a Criminal Rule 907 notice of intent to dismiss Appellant's petition on the basis that it was meritless, as will be discussed below. By an order entered December 22, 2015, the PCRA court formally dismissed Appellant's petition. This appeal followed.

In this appeal, Appellant raises the following issue, as stated:

Did the trial court err in not reinstating appellant's right to file an appeal *nunc pro tunc* from the judgment of sentence imposed in this matter because appellate defense counsel on appeal from the judgment of sentence failed to preserve any issues for appeal and waived appellant's right to appeal thereby causing

the appeal to be dismissed and denying the defendant his right to appeal and his right to effective assistance of counsel on appeal?

Appellant's Brief at 2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Generally, to obtain relief on a claim of ineffective assistance of counsel, a petitioner must plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012) (quotation marks and citation omitted).

In his petition, Appellant did not seek to prove these three elements of *Pierce*. Instead, he argued that he should be afforded relief because his appellate counsel was ineffective *per se*, thereby obviating his need to prove

the three **Pierce** elements. Appellant's Brief at 6-7. The PCRA court rejected this argument, and we agree.

In rare circumstances, "where there has been a complete denial of counsel or where the circumstances are such that any competent attorney would be unable to provide effective assistance," prejudice is presumed, and the petitioner need not satisfy the **Pierce** test. **Commonwealth v. Reaves**, 923 A.2d 1119, 1128 (Pa. 2007). The Supreme Court of Pennsylvania "has extended the presumption [of prejudice] in Pennsylvania to instances where counsel's lapse ensured the total failure of an appeal requested by the client." **Id.** The situations to which the presumption has been held to apply are: (1) the failure to file a requested direct appeal, **see Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999); (2) the failure to file a requested petition for allowance of appeal with the Supreme Court of Pennsylvania, **see Commonwealth v. Liebel**, 825 A.2d 630, 635-36 (Pa. 2003); (3) the failure to file a Pa.R.A.P. 1925(b) Statement, **see Commonwealth v. Halley**, 870 A.2d 795, 800 (Pa. 2005); and (4) the filing of a brief so defective that the appeal is quashed, **see Commonwealth v. Franklin**, 823 A.2d 906, 910 (Pa. Super. 2003). In such cases, the petitioner is entitled to reinstatement of his direct appeal rights. **See Halley**, 870 A.2d at 801.

By contrast, "[w]here a petitioner was not **entirely** denied his right to a direct appeal," he must "proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong [**Pierce**] test for

determining whether appellate counsel was ineffective." ***Commonwealth v. Grosella***, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (emphasis in original). "The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance." ***Halley***, 870 A.2d at 801.

Relying on ***Grosella*** and ***Halley***, Appellant contends that his original appellate counsel, Mr. Farrell, pursued his appeal in such a way that Appellant is entitled to a presumption of prejudice and reinstatement of his direct appeal rights without further proof. Appellant's criticism of Attorney Farrell appears to be that, although Mr. Farrell listed four grounds for appeal in his Rule 1925(b) Statement, he pursued only one of those four grounds in this Court — and the issue he chose to pursue was one that had been waived by a failure to preserve it in the trial court. Mr. Farrell's decision to pursue only one issue and not others does not give rise to a claim for *per se* ineffectiveness under ***Grosella***, however. As the PCRA court explained:

> In ***Grosella***, appellate counsel failed to pursue all of the issues that the appellant wished to raise on direct appeal. The Superior Court found that it was not a case where appellate counsel failed to perfect a direct appeal and overturned the PCRA court which had reinstated the appellant's appeal rights *nunc pro tunc*. ***Grosella***, 902 A.2d at 1294. The Superior Court opined that "[w]here a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy." ***Id.*** (emphasis original).

PCRA Court Opinion, 12/22/15, at 4. Here, as in **Grosella**, Mr. Farrell took all available steps for this Court to review one of Appellant's issues — that the verdicts were against the weight of the evidence. While Mr. Farrell did not pursue the other three claims raised in Appellant's Rule 1925(b) statement, this is not *per se* ineffectiveness warranting reinstatement of Appellant's direct appeal rights. **See Grosella**, 902 A.2d at 1293 ("it is . . . well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims").

Of course, Appellant's weight-of-the-evidence claim was unsuccessful because it had not been preserved in the trial court. But the preservation error was not an error on the part of Attorney Farrell; Appellant had a different trial lawyer who was responsible for preservation of the claim. Appellant therefore errs to the extent that he suggests that the preservation error should be considered an instance of Attorney Farrell's ineffectiveness.

Because there was no ineffectiveness on the part of Appellant's appellate counsel in preserving Appellant's right to appeal, Appellant's reliance on **Halley** also is misplaced. As the PCRA court explained:

> In **Halley**, appella[te] counsel failed to file a Rule 1925(b) statement, but still filed a brief with Superior Court challenging the sufficiency of the evidence. The Superior Court held that it was precluded from considering appellant's arguments due to the absence of his Rule 1925(b) statement. On appeal, the Supreme Court restored appellant's appeal rights after finding the failure to comply with a court order to file a Rule 1925(b) Statement represented actual or constructive denial of assistance of counsel. **Halley**, 870 A.2d 795. This is clearly

incongruent with the instant matter as appella[te] counsel here complied with this Court's order to file a Statement of Matters Complained of on Appeal and, as noted above, the Petitioner did receive appella[te] review. Therefore there was no constructive denial of assistance of counsel.

PCRA Court Opinion, 12/22/15, at 5. In contrast to what occurred in **Halley**, Attorney Farrell was not responsible for Appellant's failure to obtain appellate relief on his weight-of-the-evidence claim. Moreover, despite this Court's holding in Appellant's initial direct appeal that Appellant's weight-of-the-evidence claim had been waived in the trial court, this Court nevertheless discussed the merits of that claim, concluding that it was meritless in light of the overwhelming evidence of Appellant's guilt. **See** PCRA Court Opinion, 12/22/15, at 4; **Hill I**, at 4 n.4.

Appellant's real complaint would seem to be with his trial counsel, who failed to preserve the weight issue for appellate review. But our decisions hold that this type of failure at the trial level "does not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice" and allowing for automatic reinstatement of direct appeal rights because there is ineffectiveness *per se*. **Commonwealth v. Fransen**, 986 A.2d 154, 158 (Pa. Super 2009). A petitioner alleging that counsel was ineffective for failing to file a post-sentence motion must instead satisfy the **Pierce** three-part test for ineffectiveness. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1128-29 (Pa. 2007). The **Pierce** standard applies because failure to file a post-sentence motion — unlike failure to file an appeal, a Rule 1925(b) statement, or a brief that complies with the Rules of Appellate Procedure —

"does not waive any and all appellate issues; it waives only those claims subject to issue preservation requirements which were not otherwise already properly preserved." *Id.* at 1129 (holding that failure to file for sentencing reconsideration, which resulted in waiver of right to appeal discretionary aspects of sentence, must be evaluated under *Pierce* standard for ineffectiveness).

We recognize Appellant's view that the combined actions of trial and appellate counsel resulted in the failure to secure appellate relief when he was first before this Court. In such a situation, however, it was incumbent on Appellant to satisfy the three-part *Pierce* ineffectiveness test, rather than relying on an argument of ineffectiveness *per se*. **See Commonwealth v. Mikell**, 968 A.2d 779, 782 (Pa. Super. 2009) (where claim was waived at trial and appellate counsel took all necessary steps to present that claim on appeal, presumption of prejudice does not apply), *appeal denied*, 985 A.2d 971 (Pa. 2009). Because Appellant has made no effort to satisfy *Pierce*, the PCRA court properly denied his petition.

In summary, Appellant was neither actually nor constructively denied his right to a direct appeal and is not eligible for the relief available when presumed prejudice is found. Nor has he attempted to satisfy the *Pierce* standard applicable to claims of ineffective assistance of counsel. Therefore, the PCRA court properly denied his petition seeking reinstatement of his direct appeal rights.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2016