J-S74024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TARIK SAUNDERS | |
| Appellant | No. 34 EDA 2016 |

Appeal from the Judgment of Sentence January 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0511531-2005
CP-51-CR-1000241-2003

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED January 17, 2017**

Tarik Saunders appeals, *nunc pro tunc*, from the judgment of sentence imposed on January 11, 2013, in the Philadelphia County Court of Common Pleas, after he was granted reinstatement of his direct appeal rights under the Post-Conviction Relief Act ("PCRA").[1]  Following the revocation of Saunders' probation in two cases, the trial court imposed an aggregate term of 54 to 120 months' incarceration, with two years of consecutive probation. On appeal, Saunders challenges the discretionary aspects of his violation of probation sentence, as well as the court's failure to give him credit for time served.  He also contends the PCRA court abused its discretion in denying

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

him the right to file post-sentence motions *nunc pro tunc*. For the reasons below, we vacate the order granting PCRA relief, and remand for an evidentiary hearing.

The relevant facts and procedural history were aptly summarized by the PCRA court as follows:

> [Saunders] was convicted under two separate bills of information that have been consolidated for this appeal, a 2003 gun case (CP-51-CR-1000241-2003) and a 2005 drug case (CP-51-CR-0511531-2005). In the first case, [Saunders] was arrested on April 1, 2003, and charged with aggravated assault, violations of the Uniform Firearms Act, possessing the instruments of a crime, simple assault, terroristic threats and recklessly endangering another person [("REAP")]. On February 26, 2004, Saunders pled guilty to carrying a firearm without a license and [REAP[2]] before now retired Judge Chris Wogan. [Saunders] was sentenced to [four years' probation] for the violation of the Uniform Firearms Act, and two years [concurrent] probation for [REAP].
>
> Probation wanted cards were issued March 31, 2005. [Saunders] was subsequently sentenced to four years probation for that violation on May 5, 2009. A month later, on June 12, 2009, a bench warrant was once more issued for probation violations; however[,] Saunders' probation was continued by the court on December 18, 2009. New technical and direct violations were again alleged and a hearing was held on November 14, 2012. [Saunders] was found to have violated his probation for failing to report as well as his new convictions in Delaware County for resisting arrest and providing false identification to law enforcement. As a result, a Pre-Sentence Investigation was ordered. On January 11, 2013, Saunders was sentenced to six to twenty-three months in a state correctional system[, plus two years' probation], consecutive to his drug case sentence.

---

[2] 18 Pa.C.S. §§ 6106 and 2705, respectively.

[Saunders'] second case is a drug case with an arrest date of March 4, 2005, wherein Saunders was charged with possessing a controlled substance with intent to deliver, along with knowing and intentional possession of that drug. Saunders entered a *nolo contendere* plea before now retired Judge Wogan on July 19, 2005, and was sentenced to nine to twenty-four months incarceration followed by four years probation. As noted above, Saunders was found in violation on May 5, 2009, and resentenced to four years probation. Saunders was further found in technical and direct violation on November 14, 2012 for failing to report to probation as well as his new convictions in Delaware County. [Saunders] was subsequently resentenced to four to eight years incarceration followed by one year probation.

PCRA Court Opinion, 2/22/2016, at 2-3.

On January 25, 2013, Saunders filed a *pro se* post-sentence motion seeking modification of his drug sentence. However, it does not appear the motion was ever considered by the trial court, and Saunders did not file a direct appeal. On November 5, 2013, Saunders filed a consolidated, *pro se* PCRA petition seeking relief from both the drug and gun convictions. He averred, *inter alia*, that trial counsel "refused to put [an] appeal, reconsideration in for [him] because [counsel] said its (sic) a waste of time." Motion for Post Conviction Collateral Relief, 11/5/2013, at 3. Counsel was appointed and filed a **Turner/Finley**[3] "no merit" letter on August 14, 2014. While it appears the PCRA court initially denied relief,[4] at some point, new counsel was appointed, and filed an amended petition on February 25, 2015,

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] **See** Order, 12/23/2014; Order, 2/3/2015.

which the PCRA court accepted. New counsel raised one claim in the amended petition, namely, that prior counsel was ineffective for failing to file a direct appeal when requested to do so by Saunders. **See** Amended Petition Under Post-Conviction Relief Act, 2/25/2015, at 2; Memorandum of Law, 2/25/2015, at 2. In the prayer for relief, however, counsel requested Saunders "be allowed to file post sentence motions and an appeal *nunc pro tunc*[.]" **Id.** In an order entered December 18, 2015, the PCRA court reinstated Saunders' direct appeal rights *nunc pro tunc*, but specifically denied his request to file a post-sentence motion. Order, 12/18/2015. This timely *nunc pro tunc* appeal followed.[5]

We will address Saunders' last issue first, since his claim that the PCRA court abused its discretion in denying his request to file post-sentence motions *nunc pro tunc* is dispositive.

In **Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009), the Pennsylvania Supreme Court held that a defendant who is granted the right to file a direct appeal *nunc pro tunc*, is not **automatically** entitled to file post-sentence motions *nunc pro tunc*. Nevertheless, the Court recognized that reinstatement of a defendant's right to file post-sentence motions is warranted in some cases:

---

[5] On January 4, 2016, the PCRA court ordered Saunders to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Saunders complied with the court's directive and filed a concise statement on January 15, 2016.

Our holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions *nunc pro tunc*. If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, *see* Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

*Id.* at 1095 n.9. In interpreting **Liston**, a panel of this Court explained that a PCRA petitioner may not be granted reinstatement of his post-sentence motion rights "if he has not requested such relief with the PCRA court, and if the court did not hold an evidentiary hearing on that issue." **Commonwealth v. Fransen**, 986 A.2d 154, 155 (Pa. Super. 2009). Indeed, we also recognized that counsel's failure to file post-sentence motions is not ineffectiveness *per se*; instead, "[a] petitioner alleging that counsel was ineffective for failing to file a post-sentence motion must [] satisfy the **Pierce** three-part test for ineffectiveness." **Commonwealth v. Hill**, ____ A.3d ____, ____ 2016 PA Super 226, *4 (Pa. Super. Oct. 20, 2016).

In the present case, the Commonwealth argues this claim is waived because Saunders "did not include it in the substantive portion of his PCRA petition[,]" but rather, requested such relief only in the "prayer for relief" paragraph. Commonwealth's Brief at 15. It asserts, correctly, that issues not included in a PCRA petition are waived. *Id.*

However, our review of the record reveals this claim was adequately raised in Saunders' *pro se* PCRA petition. As noted above, Saunders averred, *inter alia*, that trial counsel "refused to put [an] appeal, reconsideration in for me because he said its (sic) a waste of time." Petition for Post Conviction Collateral Relief, 11/5/2013, at 3. This statement, at the very least, implies Saunders requested counsel file a motion for reconsideration of sentence. Moreover, the Commonwealth ignores the fact that Saunders did, himself, file a *pro se* post-sentence motion for reconsideration of sentence, which was never addressed by the trial court. Accordingly, we refuse to find Saunders waived this claim on appeal.

Nonetheless, pursuant to **Fransen**, **supra**, Saunders is not entitled to relief *per se*. Rather, he must demonstrate at an evidentiary hearing that he requested counsel file post-sentence motions, that counsel had no reasonable basis to refuse his request, and that he was prejudiced as a result. **See Hill**, **supra**. Accordingly, we vacate the order granting PCRA relief, and remand for an evidentiary hearing concerning Saunders' request to file post-sentence motions *nunc pro tunc*.

We are also precluded from addressing Saunders' first issue on appeal, a challenge to the discretionary aspects of his sentence. It is well-established that such a claim is considered a petition for permission to appeal, and must be first presented to the trial court either during the

sentencing hearing or in a post-sentence motion.[6]  **Commonwealth v. McAfee**, 849 A.2d 270, 274-275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004).  "Absent such efforts, an objection to a discretionary aspect of a sentence is waived."  **Id.** at 275.  Therefore, unless Saunders is granted permission to file post-sentence motions *nunc pro tunc*, his challenge to the discretionary aspects of his sentence is waived.  Accordingly, this issue is dependent upon resolution of his ineffectiveness claim.[7]

In his remaining issue, Saunders argues his probation violation sentence is illegal because the trial court failed to give him credit for time served.  **See** Saunders' Brief at 10.  Specifically, he asserts he was entitled to credit for his time in custody from October 19, 2012, until the violation hearing on November 14, 2012, and for the initial term of nine to 23 months' incarceration he served on the drug conviction.  **See id.**  Because a claim that the trial court failed to award credit for time served invokes the legality of a sentence, Saunders contends his claim is cognizable despite the fact he raised it for the first time on appeal.  **See id.  See also Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) ("[A]

---

[6] Here, Saunders does not assert he raised these claims during the sentencing hearing.

[7] Should the PCRA court grant Saunders permission to file post-sentence motions *nunc pro tunc*, he may raise his challenge to the discretionary aspects of his sentence at that time.

challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA.") (quotation omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008).

Pursuant to Section 9760 of the Sentencing Code, a trial court is required to give credit to a defendant for time served "in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. § 9760(1). Furthermore,

> where an offender is incarcerated on both a [Probation] Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.

***Commonwealth v. Clark***, 885 A.2d 1030, 1033 (Pa. Super. 2005) (quotation omitted).

First, with regard to Saunders' contention that he is entitled to credit against his probation violation sentence for the time he served in prison under his original sentence, we find such a claim specious. His nine to 23 month prison term was not time spent in custody before trial, during trial, before sentencing or pending an appeal. **See** 42 Pa.C.S. § 9760(1). Saunders provides no authority for his assertion that he should receive credit on a violation of probation sentence for prison time he served under the original sentence, which was independent of the probationary sentence at issue. No relief is warranted.

However, Saunders correctly maintains that he is entitled to credit for time he served in custody awaiting his violation hearing, presuming he did

not receive credit for the time on the new criminal charges. ***See Clark***, ***supra***. The Commonwealth states Saunders' "time in 'from 10-19-12' was credited to his Delaware County sentence." Commonwealth's Brief at 14. In support of this contention, the Commonwealth refers to Saunders' Delaware County criminal docket, which reveals he received 127 days credit for time served on that conviction. ***See*** Docket No. CP-23-CR-0005685-2012. However, our review of that docket reveals Saunders was sentenced for the Delaware County offenses on October 9, 2012. The docket indicates Saunders received 127 days credit for time served and was placed on immediate parole. ***See*** Docket No. CP-23-CR-0005685-2012. However, because that sentence was imposed on October 9, 2012, Saunders could not have received credit for time spent in custody from October 19, 2012, until November 14, 2012.

Unfortunately, the PCRA court did not address this issue in its opinion. Consequently, we are unable to determine whether Saunders was actually in custody during the relevant period, and whether he received credit on any sentence for that time served. Because we are already remanding this appeal for an evidentiary hearing on Saunders' ineffectiveness claim, we direct the PCRA court to also consider Saunders' request for time served credit.

Therefore, we vacate the order granting PCRA relief, and remand for an evidentiary hearing so the PCRA court may consider: (1) Saunders' assertion that counsel was ineffective for failing to file post-sentence

motions, and (2) Saunders' claim that he is entitled to credit for time served awaiting his probation violation hearing.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017