J-S19041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMOND THOMAS | : | |
| | : | |
| Appellant | : | No. 486 MDA 2016 |

Appeal from the PCRA Order March 7, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000691-1997,
CP-36-CR-0002212-1997, CP-36-CR-0002518-1997,
CP-36-CR-0002519-1997

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                  **FILED MARCH 17, 2017**

Appellant Demond Thomas files this *pro se* appeal from the order of the Court of Common Pleas of Lancaster County dismissing Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA").[1]   We affirm the denial of Appellant's untimely petition.

In January 1998, a jury convicted Appellant of robbery, conspiracy, and related offenses.  On March 2, 1998, Appellant was sentenced to an aggregate sentence of forty to eighty years imprisonment.   This Court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

affirmed the judgment of sentence on March 13, 2000. Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed multiple petitions for collateral relief, all of which were unsuccessful. On April 23, 2015, Appellant filed the instant PCRA petition in this Court. Appellant's case was transferred to the Court of Common Pleas of Lancaster County. The PCRA court appointed counsel, who filed a "no-merit" letter and a petition to withdraw. On January 6, 2016, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 and permitted counsel to withdraw. Appellant did not respond to the Rule 907 notice. On March 7, 2016, the PCRA court denied Appellant's petition. This timely appeal followed.

When reviewing the denial of a PCRA petition, our standard of review is limited "to determin[ing] whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Hill**, 149 A.3d 362, 364–65 (Pa.Super. 2016).

As an initial matter, we must determine whether Appellant's PCRA petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within

one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on March 2, 1998. After this Court affirmed Appellant's judgment of sentence on March 13, 2000, Appellant did not seek review in our Supreme Court. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). Appellant's judgment of sentence became final on April 12, 2000, after the expiration of the thirty day period in which he was allowed to seek review in our Supreme Court. *See* Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed"). As such, Appellant needed to file his request for collateral relief by April 12, 2001. This petition, filed on April 23, 2015, is facially untimely.

The only arguable exception to the PCRA time bar in Appellant's *pro se* petition is the newly recognized constitutional right timeliness exception in Section 9545(b)(1)(iii). Appellant argues his sentence of life imprisonment is unconstitutional pursuant to **Alleyne v. U.S.**, ___U.S.___, 133 S.Ct. 2151, 2155 (2013), in which the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Based on **Alleyne**, our courts have invalidated Pennsylvania statutes setting forth mandatory minimum sentences allowing a trial court to increase a defendant's minimum sentence at sentencing under a preponderance of the evidence standard. **See Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1), *appeal denied*, 121 A.3d 247 (Pa. 2015); **Commonwealth v. Mosley**, 114 A.3d 1072, 1087–91 (Pa.Super. 2015) (invalidating 18 Pa.C.S. § 7508).

However, our Supreme Court has recently held that **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, ___Pa.___, 142 A.3d 810, 820 (2016). Accordingly, as Appellant failed to prove an applicable exception to the PCRA timeliness requirements, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2017