J-S03016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DWIGHT L. GRAY, JR. | |
| Appellant | No. 579 WDA 2016 |

Appeal from the PCRA Order dated April 11, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002592-2011

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:              **FILED MARCH 29, 2017**

Appellant, Dwight L. Gray, Jr., appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

"On August 24, 2012, appellant entered a [negotiated] plea of *nolo contendere* to seventeen counts of possession with intent to deliver a controlled substance ('PWID'), one count of criminal use of communication facility, one count of investment of racketeering proceeds in corrupt

_____

[*] Retired Senior Judge assigned to the Superior Court.

organizations, and one count of criminal conspiracy."[1]  PCRA Ct. Op.,
4/11/16, at 1.

On August 24, 2012, Appellant was sentenced to 5-10 years'
confinement for one count of PWID (Count 2 on the criminal information), a
consecutive 5-10 years' confinement for another count of PWID (Count 3 on
the criminal information), a consecutive 3-10 years' confinement for a third
count of PWID (Count 4 on the criminal information), and 1-2 years'
confinement for all remaining counts, to be served concurrently to each
other and to the three previously mentioned PWID counts.  Sentencing
Order, 8/24/12, at 1-14; N.T., 8/24/12, at 4; Information, 6/13/12, at 1-2.[2]
Appellant's aggregate sentence therefore was 13-30 years' confinement.
Appellant did not file a direct appeal.

On April 4, 2013, the PCRA court docketed Appellant's timely[3] *pro se*
PCRA petition.  In that petition, Appellant claimed that, due to the ineffective

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. §§ 7512(a), 911(b)(1), and 903,
respectively.

[2] In the record, there are two orders dated August 24, 2012, executed by
the Honorable Jolene Grubb Kopriva, and stamped "2012 AUG 30 A 10:48"
by the Blair County Prothonotary/Clerk of Courts. We use "Sentencing
Order" to refer to the order that is 16 pages and not to the order of that
same date that is one page.

[3] April 4, 2013, is the date that Appellant's first PCRA petition was received
by the Blair County Prothonotary/Clerk of Courts; no other date appears on
the petition indicating when it was mailed.  Appellant's judgment of sentence
became final on September 24, 2012 (as September 23 was a Sunday),
*(Footnote Continued Next Page)*

- 2 -

assistance of his counsel, his guilty plea was not knowing, intelligent, and voluntary, and he therefore should be permitted to withdraw it.

The Court conducted a hearing on December 2, 2015, with all parties present. Appellant testified as follows during the hearing:

Q. . . . Who was your attorney at the time of your plea[] and sentencing?

A. Attorney Mark Zearfaus.

Q. Okay. And, do you recall discussing with him your plea?

A. Certain aspects of it but, I mean, I discussed the plea but there was other things that I wasn't aware of, there were things we discussed, you know, what I mean; like, there was other things that I wasn't aware of. But as far as the thirteen and thirty, we discussed it yeah.

Q. Okay. I know it is a bit odd to ask you to describe the negative but what things are you talking about there when you say, there were things that you did not discuss.

[A]. Well, I was under the impression, like I said with the permissible ranges of the actual drugs that I was charged with. I was under the impression that it was going to be one charge do you understand what I saying? It was more because of the fact then because the mandatory minimum I was under the impression that that one charge it could be combined and it would hold seven years. I did not know that I was going to be charged with the same thing but it was just separated like they charged me with the two separate ranges of the drugs but it was only one total amount and it went over top of that. If that made any sense or whatever.

*(Footnote Continued)* ──────────

when the 30-day time period for filing a direct appeal to this Court expired. **See** 1 Pa.C.S. § 1908; 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Because April 4, 2013, was less than one year after Appellant's judgment of sentence became final, his PCRA petition was timely, and this Court therefore has jurisdiction to consider this appeal. **See** 42 Pa.C.S. § 9545(b).

Q. Just to clarify, you are referring to the amounts listed in the affidavit of probable cause that were originally charged you?

A. Exactly, I was under the impression because of the mandatory minimums that I would be able to receive the amount of time that I received the eight to twenty years combined for the charges.

Q. Okay, so what did you end up, what is your understanding of what happened with your sentence?

A. Well, now, after going over it, I realize that instead of the one charge that I was supposed to get from the fifty to a hundred grams, I got charged with fifty to hundred and ten to fifty. And I got instead of the five to ten, I got a five to ten and a three to ten for those, which it was one thing, it was one continuous act however they separated it and charged me twice.

Q. Was it explained to you how this would come about that you would receive a thirteen to thirty year sentence?

A. No, not the way that it actually, not the way that it would happen wasn't what was explained to me. It was explained to me differently.

N.T., 12/2/15, at 2-4. Appellant asked the PCRA court to "reinstate a plea offer . . . of ten to twenty years." *Id.* at 12. In support of that request, he introduced a letter to himself from plea counsel dated October 4, 2011, which stated: "Right now, your best offer is 10-20 years if you enter a plea and that will cover all your cases and anything that might not yet be filed against you." Appellant's Ex. 1; N.T., 12/2/15, at 13 (exhibit introduced), 44 (exhibit admitted).

During Appellant's cross-examination, the Commonwealth clarified Appellant's testimony:

- 4 -

Q.     Would you agree that on the August 24, 2012, proceeding where you entered your nolo contendere plea and were sentenced it was explained to you that there was an agreement for thirteen to thirty years that would be your sentence, were you aware of that?

A.     Yes.

N.T., 12/2/15, at 18.

Near the close of the cross-examination, the Commonwealth introduced a handwritten letter, Commonwealth's Exhibit 2, that was dated "7/10/11" and purportedly was signed by Appellant and addressed to Appellant's brother, "Guy." The letter discussed the need for witnesses and plea negotiations and contained the statement that, "They offered me ten to twenty years for my charges." N.T., 12/2/15, at 28. Appellant objected to the admission of Commonwealth's Exhibit 2 on the basis that he denied writing or recognizing the letter. *Id.* at 29. The PCRA court overruled the objection. *Id.* at 30.

Appellant's plea counsel, Mark Zearfaus, testified that the aim of his plea negotiations was to reduce the length of Appellant's sentence. N.T., 12/2/15, at 45-46. He testified that in October 2011, he told Appellant that the "best offer" from the Commonwealth was 10 to 20 years, but that Appellant refused to accept that offer. *Id.* at 47. Less than a week before Appellant entered his plea, Mr. Zearfaus sent a letter to Appellant stating that Appellant's sentence was going to be 13-30 years of incarceration. *Id.* at 46, 50. Mr. Zearfaus' testimony continued:

Q. . . . At any time prior to Judge Kopriva imposing a negotiated sentence of thirteen to thirty years for the agreed upon counts, did [Appellant] ever indicate to you that he changed his mind or did not want to go through with the nolo contendere plea?

A. No.

*Id.* at 56. Mr. Zearfaus also denied that Appellant or his family members ever contacted him after entry of the plea to say that they wanted the plea withdrawn. *Id.* at 46. Mr. Zearfaus testified that he was ready to go to trial if that was Appellant's wish. *Id.* at 47.

By an order entered April 11, 2016, the PCRA court dismissed Appellant's PCRA petition. The court explained:

> We are constrained to find Defendant cannot show that he was prejudiced by any ineffectiveness. Put simply, Defendant claims that he thought he was entering a nolo contendere plea which included multiple counts to a sentence totaling 13 to 30 years. He in fact did enter a nolo contendere plea on multiple counts for a sentence of 13 to 30 years. The only difference between what Defendant claims he understood to be the deal and what he actually pled to and received as a sentence, is that he claims one PWID charge was split into two distinct counts while in his opinion it should have been one count. Defendant claims that had he known this, he would have never entered the nolo contendere plea and would have gone to trial.
>
> It is clear from Attorney Zearfaus's testimony and Defendant's own testimony that the strategy was to get Defendant less total time in jail. Attorney Zearfaus was less concerned as to which of the many PWID charges would be the lead charge and more concerned with negotiating a plea for a shorter sentence. The Court does not find Defendant's testimony credible that had he known the alleged error, he would not have pled nolo contendere. Because Defendant cannot show he was prejudiced since he received the 13-30 year sentence he negotiated, he cannot prove by a preponderance of

the evidence that his sentence resulted from any ineffective assistance of counsel.

PCRA Ct. Op., 4/11/16, at 5-6.

On April 19, 2016, Appellant filed a timely appeal with this Court. Appellant presents three issues for review:

> 1. Whether the [PCRA] Court erred in admitting a handwritten letter over [Appellant]'s objection?
>
> 2. Whether the [PCRA] Court accorded excessive and inordinate weight to a handwritten letter where [Appellant] denied writing said letter?
>
> 3. Whether the [PCRA] Court erred in concluding [Appellant] failed to set forth evidence sufficient to show that he was prejudiced by [plea] counsel's ineffectiveness?

Appellant's Brief at 4 (reordered to facilitate disposition).

> This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Hill***, 149 A.3d 362, 364–65 (Pa. Super. 2016) (citation and quotation marks omitted).

In his brief to this Court, Appellant makes no argument about the two evidentiary issues regarding the "handwritten letter," beyond baldly listing them in his statement of the questions involved pursuant to Pa.R.A.P. 2116. ***See*** Appellant's Brief at 4, 8-12. Since these claims are not explained, developed, or supported by the record factually or legally, they are deemed

meritless and waived. ***See Commonwealth v. Spotz***, 47 A.3d 63, 108 n.34 (Pa. 2012).[4]

We now turn to Appellant's claim of ineffective assistance of counsel. Appellant contends that due to the ineffective assistance of his plea counsel, his plea was not knowing, intelligent, and voluntary. He explains that he was confused about the basis of his plea agreement and believed his negotiated sentence was "based on the combination of all of the drugs." Appellant's Brief at 9.[5] Appellant insists he did not understand the terms of his plea agreement and therefore his plea was unknowing. ***Id.*** at 11. Thus,

---

[4] We add that Appellant has proffered no evidence that the PCRA court relied in any way upon the Commonwealth's Exhibit 2 and therefore is unable to demonstrate that the admission of that exhibit prejudiced the outcome of the PCRA hearing. ***See Commonwealth v. Poplawski***, 130 A.3d 697, 716 (Pa. 2015) (an error will be deemed harmless if "the error did not prejudice the [Appellant] or the prejudice was *de minimis*"), **cert. denied**, 137 S. Ct. 89 (2016).

[5] In Appellant's Brief, at 9-10, Appellant's counsel endeavors to make sense of this, though he admits to little success:

> [Appellant] described how he was under the impression that his plea was to be based on the combination of all of the drugs allegedly involved, and that instead he was sentenced on one set of drugs by weight to five (5) to ten (10) years, with a consecutive three (3) to ten (10) years for another set of drugs by weight. (N.T. 3-4).[FN 1]
>
> ---
>
> [FN 1] This line of reasoning continues to confuse counsel, who has extensive experience with these issues, arguably lending credence to the idea that [Appellant], with no formal legal training, was also confused by the structure of his sentencing scheme.

he claims that his counsel was ineffective in not fully explaining the sentence before he entered the plea.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. **See Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). If a petitioner fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the court need not address the remaining prongs. **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa. Super. 2009), **appeal denied**, 990 A.2d 727 (Pa. 2010). The right to effective assistance of counsel extends to the plea process. **Commonwealth v. Wah**, 42 A.3d 335, 338-39 (Pa. Super. 2012); **see also Commonwealth v. Allen**, 833 A.2d 800, 801-02 (Pa. Super. 2003) (right to effective counsel applicable to *nolo contendere* pleas as well), **appeal denied**, 860 A.2d 488 (Pa. 2004).

The PCRA court held that Appellant failed to plead and prove the third prong — prejudice resulting from counsel's failure to explain how his sentence was calculated. A finding of "prejudice" requires the petitioner to show "there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different." **Commonwealth v. Stevens**, 739 A.2d 507, 512 (Pa. 1999). Here, as the trial court explained, Appellant says that he thought he was entering a *nolo contendere* plea to

multiple counts and would receive an aggregate sentence of 13-30 years' confinement, and, in fact, Appellant **did** enter a *nolo contendere* plea to multiple counts and receive an aggregate sentence of 13-30 years' confinement.  PCRA Ct. Op., 4/11/16, at 5; **see also** N.T., 12/2/15, at 4, 18, 46, 50, 56.  Thus, any lack of an explanation by counsel regarding the calculation of the 13-30 years did not affect Appellant's aggregate sentence.  In addition, the trial court did "not find Defendant's testimony credible that had he known the alleged error, he would not have pled nolo contendere." PCRA Ct. Op., 4/11/16, at 5-6.

Upon careful review of the record, we conclude that the PCRA court's findings are supported by the evidence of record and its legal conclusions are correct.  **See Hill**, 149 A.3d at 364–65.  Because Appellant failed prove prejudice, he did not establish ineffective assistance of counsel.  Accordingly, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/29/2017

- 10 -