J-S64025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARVIN HILL | |
| Appellant | No. 60 EDA 2016 |

Appeal from the PCRA Order Dated December 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005356-2011

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                          **FILED JULY 17, 2017**

This case has returned to us upon remand from the Pennsylvania Supreme Court, following that Court's disposition of Appellant Marvin Hill's appeal from the order that dismissed his petition filed under the Post Conviction Relief Act ("PCRA").[1] In accordance with the direction of the Supreme Court, we reverse and remand with instructions.

On January 28, 2013, following a non-jury trial, Appellant was convicted of third-degree murder, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possessing an instrument of crime.[2] On April 5, 2013, the trial court sentenced Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 2502(c), 6106, 6108, and 907, respectively.

to consecutive terms of imprisonment of 15-40 years for third-degree murder and 1½ to 3 years for carrying a firearm without a license. No further penalty was imposed for the remaining crimes.

Trial counsel, Gerald A. Stein, Esq., did not file any post-sentence motions on Appellant's behalf. On May 2, 2013, Attorney Stein filed a notice of appeal to this Court. He was subsequently permitted to withdraw, and J. Michael Farrell, Esq., was appointed to represent Appellant.

On May 13, 2013, the trial court ordered Appellant to submit a Statement of Matters Complained of on Appeal pursuant to Appellate Rule 1925(b). On July 8, 2013, Attorney Farrell submitted a timely Rule 1925(b) statement in which he raised four claims, including a claim that the verdicts were contrary to the weight of the evidence.[3] In his appellate brief, however, Attorney Farrell pursued only the weight-of-the-evidence claim. *See Commonwealth v. Hill*, No. 1375 EDA 2013 (Pa. Super., Mar. 13, 2014) (unpublished memorandum; "*Hill I*"). This Court found the weight-of-the-evidence claim waived because it was not raised in the trial court in accordance with Criminal Rule 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by

---

[3] The other claims raised in the 1925(b) statement were: (1) the evidence was insufficient to support the verdicts; (2) a police detective's testimony was improper; and (3) the trial court erred in denying Appellant's motion to suppress his statement. *See* PCRA Ct. Op., 12/22/15, at 2.

written motion at any time before sentencing; or (3) in a post-sentence motion"). *See Hill I* at 2. As a result, this Court dismissed Appellant's direct appeal. *See id.* at 4. This Court further noted that Appellant's weight-of-the-evidence claim, even if not waived, was meritless because the evidence against Appellant was overwhelming. *See id.* at 4 n.4.

On July 16, 2014, Appellant, acting *pro se*, filed a petition for post-conviction relief. Current counsel, John P. Cotter, Esq., was appointed and filed an amended petition on August 7, 2015. In the amended petition, Appellant sought *nunc pro tunc* reinstatement of his post-sentence motion and direct appeal rights on the ground that "appellate defense counsel was ineffective because he allowed the defendant's appeal from the judgment of sentence to be dismissed." Am. PCRA Pet., 8/7/15, at ¶ 4. Appellant did not allege that trial counsel was ineffective. By an order entered December 22, 2015, the PCRA court dismissed Appellant's petition as meritless. Appellant appealed to this Court, claiming that his right to file an appeal *nunc pro tunc* from the judgment of sentence should be reinstated because the failure of appellate counsel to preserve any issues for appeal (1) caused Appellant's right to appeal to be waived, and (2) constituted *per se* ineffective assistance of counsel. *Commonwealth v. Hill*, 149 A.3d 362, 364 (Pa. Super. 2016) ("*Hill II*").

This Court considered whether Appellant had demonstrated *per se* ineffective assistance of counsel, which would mean that he was not required to show prejudice under *Commonwealth v. Reaves*, 923 A.2d 1119, 1128

(Pa. 2007). *See Hill II*, 149 A.3d at 365. If Appellant had not demonstrated *per se* ineffective assistance of counsel, he would be required to satisfy the traditional three-prong test for ineffectiveness, which requires a petitioner to plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. *See id.* (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)).

We held that Appellant failed to establish *per se* ineffective assistance because Appellant failed to show that "counsel's lapse ensured the total failure of an appeal requested by the client" and that prejudice therefore should be presumed. *Hill II*, 149 A.3d at 365-66 (citing *Reaves*, 923 A.2d at 1128). We based that holding on a comparison to other situations in which the presumption of prejudice had been held to apply: (1) the failure of counsel to file a requested direct appeal, *see Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999); (2) the failure of counsel to file a requested petition for allowance of appeal with the Supreme Court of Pennsylvania, *see Commonwealth v. Liebel*, 825 A.2d 630, 635-36 (Pa. 2003); (3) the failure of counsel to file a Pa.R.A.P. 1925(b) statement, *see Commonwealth v. Halley*, 870 A.2d 795, 800 (Pa. 2005); and (4) the filing by counsel of an appellate brief so defective that the appeal was dismissed, *see Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003). *See Hill II*, 149 A.3d at 365. We therefore concluded that Appellant's claim was subject to the three-part *Pierce* test for

ineffectiveness, which requires that a PCRA petitioner establish actual prejudice. *See id.* at 367; *see also Pierce*, 527 A.2d at 975. Because Appellant failed to plead and prove prejudice in his PCRA decision, we affirmed the order below dismissing Appellant's petition. *See Hill II*, 149 A.3d at 367.

In his Supreme Court petition for allowance of appeal, Appellant asserted that his appellate counsel's pursuit of only the unpreserved weight claim on his direct appeal and the failure of his counsel to pursue his preserved issues on that appeal constituted *per se* ineffective assistance of counsel. Appellant's Pet. for Allowance of Appeal, 10/31/16. On April 11, 2017, our Supreme Court granted Appellant's petition, reversed our decision, and remanded the matter to this Court with instructions "to reinstate [Appellant's] appeal rights *nunc pro tunc* consistent with *Commonwealth v. Rosado*, [150] A.3d [425] (Pa. 2016)," which was decided by the Supreme Court after we rendered our decision in *Hill II*. *Commonwealth v. Hill*, No. 482 EAL 2016, 2017 WL 1332940 (Pa. Apr. 11, 2017) (*per curiam* order).

In *Rosado*, the defendant's counsel filed a Rule 1925(b) statement that raised three issues, but that did not include a challenge to the sufficiency of the evidence. Then, in Rosado's direct appeal, counsel abandoned the three issues that had been preserved in the Rule 1925(b) statement and sought to raise only the sufficiency claim. This Court held that the sufficiency claim was waived because it had not been included in the

- 5 -

Rule 1925(b) statement, and we therefore affirmed Rosado's conviction. In a subsequent PCRA petition, Rosado claimed that his appellate counsel had been ineffective *per se* and sought reinstatement of his appellate rights *nunc pro tunc*. We rejected that argument on the basis of **Commonwealth v. Reed**, 971 A.2d 1216, 1226 (Pa. 2009) (holding that the "filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice"), and **Commonwealth v. West**, 883 A.2d 654, 658 n.5 (Pa. Super. 2005) (holding that *per se* ineffectiveness does not occur when counsel pursues certain issues in a Pa.R.A.P. 1925(b) statement and not others). On appeal, the Supreme Court disagreed, holding that "the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." **Rosado**, 150 A.3d at 434. The Court further held that errors which "*completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only *partially* foreclose such review are subject to the ordinary [**Pierce**] framework." **Id.** at 433.

In the present case, Appellant's claim that the conduct of his appellate counsel constituted *per se* ineffective assistance is analogous to the claim of the defendant in **Rosado**. Like Rosado's counsel, Appellant's counsel raised a single issue on appeal — weight of evidence — that had been waived for failure to raise it in a pre- or post-sentence motion. In both cases, appellate

counsel abandoned all preserved issues on appeal and raised only the waived issue, thereby "completely foreclos[ing] appellate review." ***Rosado***, 150 A.3d at 434. Therefore, consistent with ***Rosado***, and in accordance with the Supreme Court's mandate, we remand for the reinstatement of Appellant's post-sentence and appellate rights.

Counsel for Appellant may file a new post-sentence motion *nunc pro tunc* on Appellant's behalf in which he raises the weight-of-the-evidence issue that he sought to present on direct appeal. Following disposition of the post-sentence motion, either party will have the opportunity to file a timely appeal. Any subsequent Rule 1925(b) statement must articulate clearly and concisely all issues to be raised on appeal.

Appellant's motion to remand is denied as moot. Order reversed. Case remanded to the trial court with instructions to reinstate Appellant's post-sentence and appeal rights *nunc pro tunc*. Jurisdiction relinquished.

Judge Stabile joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2017

- 7 -