J-S10044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES RICKETTS | |
| Appellant | No. 2820 EDA 2016 |

Appeal from the PCRA Order dated July 21, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0025181-1993

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 09, 2017**

Appellant Charles Ricketts appeals *pro se* from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  We affirm.

On March 14, 1994, Appellant pleaded guilty to second-degree murder and was sentenced to life imprisonment without parole.  Appellant was twenty years old at the time of the murder.

Appellant did not file a direct appeal.  On August 22, 2012, Appellant filed an untimely *pro se* PCRA petition in which he relied on *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012) (holding that sentences of mandatory life imprisonment without parole imposed upon juveniles who were under the age of 18 at the time they committed murder are unconstitutional).  The PCRA court appointed counsel, who filed a

*Turner/Finley*[1] "no merit" letter and motion to withdraw. On January 9, 2013, the court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw. This Court affirmed, agreeing with the PCRA court that Appellant's petition was untimely and that Appellant failed to properly plead an exception to the PCRA's time bar. *See Commonwealth v. Ricketts*, 588 EDA 2013, at 4 (Pa. Super. Sept. 5, 2013) (unpublished memorandum), *appeal denied*, 85 A.3d 483 (Pa. Feb. 12, 2014). We explained that Appellant could not rely on the newly-recognized constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii):

> [T]he *Miller* Court recognized a constitutional right for juveniles under the age of eighteen, holding that "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusable punishments.'" *Miller*, [132 S. Ct.] at 2460 (emphasis added). Here, Appellant concedes that he was twenty years old at the time he committed the crime of second-degree murder. . . . Therefore, the holding in *Miller* does not create a newly-recognized constitutional right that can serve as the basis for relief for Appellant. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii); *Miller*, *supra* at 2460.

*Id.* at 7-8 (footnote omitted).[2] The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In a footnote, we also noted that at that time, *Miller* had not been held to apply retroactively. *See* 588 EDA 2013 at 8 n.7. However, this was not the primary rationale for our decision.

- 2 -

On March 25, 2016, Appellant filed the *pro se* petition before us, seeking relief under **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), in which the Supreme Court held that **Miller v. Alabama** applied retroactively to cases on collateral review. On May 25, 2016, the Commonwealth filed an Answer and Motion to Dismiss Appellant's Petition. On June 9, 2016, the PCRA court sent Appellant a notice pursuant to Pa.R.Crim.P. 907, stating its intent to dismiss his petition without a hearing.[3] Appellant did not file a response to the Rule 907 notice. On July 21, 2016, the PCRA court dismissed the petition.

Appellant filed a notice of appeal that was docketed on August 26, 2016. By order entered October 18, 2016, this Court directed Appellant to show cause why his appeal should not be quashed as untimely. Appellant filed a response asserting that his appeal was timely filed on August 18, 2016. On December 1, 2016, this Court discharged the show-cause order and deferred resolution of the timeliness issue to this panel.

On December 9, 2016, Appellant filed his brief, in which he raises the following issues:

> I.      Did the lower court err in not granting a hearing to Appellant to determine if mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violates the Equal Protection Clauses under the United States Constitution

---

[3] The PCRA court initially sent the Rule 907 notice to Appellant on June 1, 2016, using the wrong inmate number. After the notice was returned to the court, a new notice, with the proper inmate number, was mailed to Appellant on June 9, 2016. PCRA Ct. Op., 10/20/16, at 2 n.1.

Fourteenth Amendment and the Pennsylvania Constitution's Article Section 25?

II. Did the lower court err in not granting a hearing to Appellant to determine if mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violates the Cruel and Unusual Punishment Clauses under the United States Constitution's Eighth Amendment and Pennsylvania Constitution's Article I Section 13?

III. Did the lower court err when it did not grant a hearing to Appellant to determine if mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violates the United States Constitution Fourteenth Amendment's Due Process rights when the fact finders were not allowed to consider age as an element of the crime for sentencing purposes?

Appellant's Brief at 2 (excess capitalization removed).

## Timeliness of this Appeal

Before we address Appellant's issues, we must determine whether Appellant timely filed his notice of appeal. *See Commonwealth v. Cooper*, 710 A.2d 76, 78 (Pa. Super. 1998) (holding this Court must address timeliness of appeal *sua sponte* because it implicates our jurisdiction).

In order for this Court to have jurisdiction, Appellant's notice of appeal must have been filed within thirty days of the PCRA court's order disposing of Appellant's PCRA petition. *See* Pa.R.A.P. 903(a) (time for appeal); *Cooper*, 710 A.2d at 78 (court lacks jurisdiction if notice of appeal is not timely filed). Under the "prisoner mailbox rule," a *pro se* prisoner's notice of appeal is deemed filed "on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). Where the facts

concerning the timeliness of a notice of appeal are in dispute, a remand for an evidentiary hearing may be necessary. *Id.* at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." *Cooper*, 710 A.2d at 79 (citing *Jones*, 700 A.2d at 426 n.3).

In *Cooper*, the proof of service for the notice of appeal stated that the notice was timely filed, and the court received the notice two days after the thirty-day period expired. *Cooper*, 710 A.2d at 79. Further, neither party raised the issue of the timeliness of the appeal. *Id.* This Court held that, under those circumstances, there was "plausible" evidence that the notice was timely, and we therefore could address the merits of the appeal. *Id.*; *see also Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (deeming appeal timely based on the date on the notice of appeal and the fact that the court received it three days after the thirty-day period expired).

In this case, the PCRA court's order dismissing Appellant's petition was docketed on July 21, 2016. Because the 30th day fell on Saturday, August 20, 2016, Appellant had until Monday, August 22, 2016, to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any [period of time referred to in any statute] shall fall on Saturday or Sunday . . . such day shall be omitted from the computation"). According to

- 5 -

the trial court docket, Appellant's notice of appeal was filed on August 26, 2016, four days late. However, the Commonwealth does not challenge the timeliness of this appeal. The notice of appeal and accompanying certificate of service are dated August 18, 2016, which is within the thirty–day filing period. Moreover, in his response to our rule to show cause, Appellant provided evidence of a deduction from his prison account for postage on August 18, 2016. Under these circumstances, we hold that there is "plausible" evidence that Appellant timely mailed his notice of appeal. **See Jones**, 700 A.2d at 426; **Cooper**, 710 A.2d at 79. We therefore will not quash the appeal on that basis.

### Timeliness of Appellant's PCRA Petition

The PCRA court dismissed Appellant's petition as untimely.

> This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Hill**, 149 A.3d 362, 364-65 (Pa. Super. 2016) (citation and internal quotation marks omitted).

We have explained:

> The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time

- 6 -

limitations for filing the petition set forth in Section 9545(b)(1) of the statute. *See* 42 Pa.C.S. § 9545(b).

***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa. Super. 2016) (footnote omitted).

Appellant's judgment of sentence became final on April 13, 1994. ***See Ricketts***, 588 EDA 2013 at 4. The instant petition is therefore untimely, unless Appellant can satisfy an exception to the PCRA's time bar. In his petition, Appellant relied on Section 9545(b)(1)(iii), which applies when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant asserts that ***Miller v. Alabama***, made retroactive by ***Montgomery v. Louisiana***, recognized a new constitutional right sufficient to overcome the PCRA's time bar. He avers that, although he was twenty years old when he committed murder, and "although the United States Supreme Court dealt with the diminished culpability of those under 18 years of age[,] it is evident that the Court's rationales and conclusions should be equally applied in this case." Appellant's Brief at 5.

We have already held that because Appellant was twenty years old when he committed the murder, "the holding in ***Miller*** does not create a newly-recognized constitutional right that can serve as the basis for relief for Appellant." ***Ricketts***, 588 EDA 2013 at 7.

- 7 -

***Montgomery***, which was decided after our consideration of Appellant's first PCRA petition, does not change the fact that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." ***Furgess***, 149 A.3d at 94. Thus, the PCRA court correctly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2017